IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LATOYA SMITH,** | § | **CIVIL ACTION NO.:** |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **CHI-ST. LUKE'S HOSPITAL** | § | **JURY DEMAND** |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff LaToya Smith (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant CHI-St. Luke's Hospital, (hereinafter referred to as "St. Luke's" or "Defendant"), and for cause of action files this Original Complaint, showing to the Court the following:

### I.     PARTIES

1.     Plaintiff Ms. LaToya Smith is an individual residing in Chambers County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2.     Defendant St. Luke's, is a for-profit corporation authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas, 75201-3136.

## II.     JURISDICTION

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, the Americans with Disabilities Act (as amended) (which is codified in 42 U.S.C. § 12101 et seq.) (hereinafter referred to as the "ADA"); and, 29 U.S.C. § 2601, et seq., the Family and Medical Leave Act ("FMLA").

4.     Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.     Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.    NATURE OF THE ACTION

6.     This is an action brought pursuant to and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of her disability. The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's including the retaliation and disability based on Plaintiff's protected activities involving her complaints of FLMA discrimination and retaliation.

7.     This is also an action to correct and recover for Defendant's violations of the ADA and the TCHRA. Specifically, Plaintiff complains that Defendant discriminated and retaliated against her on the basis of the perception of a disability, failed to accommodate her disability, and

2

subsequently retaliated against Plaintiff after engaging in protected activities. See 42 U.S.C. § 12101 et seq. and Texas Labor Code § 21.001 et seq.

8. Lastly, this is an action against Defendant for violation of the FMLA, 29 U.S.C. § 2601, et seq., when Defendant terminated Plaintiff's employment in retaliation for availing herself to protected leave pursuant to the FMLA.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On October 25, 2018, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for discrimination based on disability and retaliation (Charge No. 460-2019-00590). This charge was filed for discrimination and retaliation. (See Exhibit 1, which is attached hereto and incorporated by reference).

10. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, dated November 13, 2018. (See Exhibit 2, which is attached hereto and incorporated by reference). Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice. Therefore, this lawsuit is timely filed.

### V. FACTS

11. On or about July 13, 2015, Ms. Smith was diagnosed with Depressive and Panic/Anxiety Disorder and has been on medication to control her condition. On or about August 1, 2016, Ms. Smith started working at CHI St. Luke's Hospital (Medical Center). Her position there was a full-time Patient Care Assistant, (nights). She worked on the Cardiovascular Unit (10 Tower). After she completed the PCA I training, she began training to become a PCA II. Ms. Smith completed her training and began working as a PCA II.

12. Ms. Smith's hours upon hire, were 84 hours every two weeks. Her average hours were 120

every two weeks due to overtime. She worked at this location until October 21, 2017. At no time during this period was she ever written up or told she was unreliable, in spite of her disability.

13.     On or about October 22, 2017, she transferred into a full-time (nights) position on the Labor and Delivery Unit at CHI St. Luke's--Sugarland.

14.     During Ms. Smith's interview, she was told by Director Tiffany Walters that her hours would be 36 hours a week, 3 (12 hour) shifts. Ms. Smith agreed. Ms. Smith's first three weeks, she worked the agreed 36 hours.

15.     On or about the first week of September 2017, Ms. Smith applied for intermittent FMLA leave to care for her daughter who suffers from multiple medical conditions. She was approved for the intermittent leave on or about September 13, 2017. She applied for and began her continuous FMLA leave on or about November 8, 2017. That evening, she received a call from Ms. Walters asking her why she was not at work. She then told her she was on FMLA leave and she should have received an e-mail from the Reed Group. She then stated, she should have told her about FMLA during their interview. She said she should not have withheld this from her. She then told her she was no longer working there, nor was she working on the unit.

16.     On or about November 9, 2017, Ms. Smith called the house supervisor Jane Fisher and Vicki Jones (HR). Not sure if she still had a job, she explained to them what happened. Ms. Fisher told her she needed to talk to Ms. Walters or HR. Ms. Jones told her that if she were to be fired that would come from human resources. She explained to Ms. Jones that Ms. Walters fired her. She told her Ms. Walters didn't have the capability to fire her and from what she can see (looking at the computer system), she was still an employee and still on the labor and delivery unit. Ms. Jones said she would get with Ms. Walters to let her know about FMLA and explain to her how it

4

works. She believes that Ms. Jones and Ms. Walters both knew of her daughter's disability at that point. Her continuous leave was from on or between November 8, 2017 until January 3, 2018.

17.     Ms. Smith sent the hospital notice of a possible FMLA violation e-mail on or about November 9, 2017.

18.     On or about January 3, 2018, still not certain if Ms. Smith had a job, she returned to work. During this time, she was pre-approved for FMLA intermittent time in case her daughter got sick again. It was during the first week of her FMLA return when she started being placed on-call.

19.     She inquired through her leadership about the on-call policy in which she was told by management "you will receive $12.00 each day that you are on-call" or words to that effect. She didn't notice the lack of pay because she would use her own PTO, Vacation or Holiday hours to supplement time lost.

20.     It was not until her unemployment appeal recorded hearing which, was originally denied to her because she had quit, that she noticed she was not being paid for her on-call days. She informed them that she quit due to retaliation and the circumstances regarding her daughters health, which they then approved her for unemployment benefits. It was also during the unemployment appeal recorded hearing, when she realized all of her on-call shifts were not being documented nor was she paid for them which she mentioned.

21.     From on or between January 3rd until May 18, 2018, she used her above hours to supplement hours lost for being placed on-call or when she had to take a FMLA intermittent leave (a day or two) to care for her daughter. Effectively, Ms. Walters took her off the schedule to punish her for taking care of her ailing child. Her last day of work was on or about May 18, 2018.  She

5

submitted her two weeks notice stating her last day would be on June 1, 2018. She received an e-mail from Ms. Walters on or about May 19, 2018, stating she accepted her resignation and that her resignation would be effective immediately.

22. During the time of the unemployment appeal recorded hearing, is when Ms. Smith was told, by Andrea Harrow, after she returned from her FMLA leave, she was replaced with someone else. She was told they hired someone else to replace her because they deemed her as unreliable and that's why they started putting her on-call. She had no record of excessive absences or any write ups that would show that she was an otherwise unreliable employee.

23. The only way they could deem her as unreliable is to her being on FMLA Leave which was approved. Ms. Smith rarely missed work for any other reason except when she was on FMLA Leave.

24. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her disability, including discrimination and retaliation.

25. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's disability, in violation of Retaliation against employees for exercising their rights under the Family and Medical Leave Act (FMLA) is prohibited, 29 U.S.C.A. § 2615. This prohibition necessarily includes consideration of an employee's use of FMLA leave as a negative factor in an employment action.

## VI. COUNT 1- ADA DISABILITY DISCRIMINATION

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

27. Plaintiff as defined by the ADA. See 42 U.S.C. §§ 12102 and 12111(8).

28. Plaintiff is an employee within the meaning of the ADA. See 42 U.S.C. § 12111(4).

29. Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of her disability, including treating her less favorably than non-disabled employees. See 42 U.S.C. § 12112.

30. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's in violation of the ADA.

## VII. COUNT 2 - TCHRA DISABILITY DISCRIMINATION

31. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.

33. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's disability (i.e. Depressve and Panic/Anxiety Disorder), in violation of the Texas Labor Code § 21.051 et seq.

## VIII.     COUNT 3 - TITLE VII RETALIATION

34.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

35.     Defendant intentionally retaliated against Plaintiff because of the complaints of and made to Defendant prior to Plaintiff's unwarranted termination.

## VIIII.     COUNT 4 - TCHRA RETALIATION

36.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37.     Defendant intentionally retaliated against Plaintiff because of the complaints of made to Defendant in violation of the Texas Labor Code § 21.055.

## X.     COUNT 5- RETALIATION PURSUANT TO THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615(a)

38.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

39.     Plaintiff was entitled to take medical leave for her documented serious health and was entitled to return to the same position or equivalent position with equivalent pay, benefits, and working conditions at the conclusion of the leave.

40.     Defendant interfered with and denied Plaintiff's exercise of her FMLA rights and retaliated against her for exercising her rights when Plaintiff was terminated from her in violation of 29 U.S.C. § 2615(a). 27.

41.     Plaintiff has suffered irreparable injury and monetary damage as the result of Defendant's acts for which Plaintiff now seeks redress.

## XI.  JURY DEMAND

42. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

    a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

    b. Compensatory damages, including, but not limited to, emotional distress;

    c. Past, present, and future physical pain and mental suffering;

    d. Punitive damages;

    e. Liquidated damages;

    f. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

    g. Pre-judgment interest at the highest rate permitted by law;

    h. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    i. Costs of Court; and

    j. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
Kennard Hernandez PC
2603 Augusta Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Connica Lemond
Texas Bar No.: 24031937
Southern District Bar No: 30912
Kennard Hernandez PC
2603 August Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Connica.Lemond@kennardlaw.com